## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BEN THOMAS ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-0792-CV-W-GAF-P |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 convictions and sentences for second degree attempted statutory rape, three counts of second degree statutory sodomy, second degree statutory rape, and forcible rape and his sentences pursuant thereto (consecutive sentences of life, five years, seven years, seven years, seven years, and seven years) as a prior offender pursuant to Mo. Rev. Stat. § 558.018, in the Circuit Court of Jackson, County, Missouri. See State v. Rogers, 95 S.W.3d 181, 184-85 (Mo. Ct. App. 2003). Petitioner raises one (1) ground for relief: petitioner contends that his sentencing as a predatory sexual offender was unconstitutional because Section 558.018.4 is unconstitutional in that it does not require proof of the status beyond a reasonable doubt.

Respondent maintains that Ground 1 must be denied because: (1) petitioner does not state a cognizable constitutional claim in that the sentence of life imprisonment was available for the trial court to impose regardless of a finding of predatory sexual offender status and the only effect of the finding was that petitioner has to serve a minimum of 27 years of his life sentence before becoming

eligible for parole[1]; (2) petitioner's claim is procedurally defaulted because the Missouri Court of Appeals, Western District, enforced an adequate and independent state procedural bar to federal habeas corpus review; and (3) petitioner's challenge to Section 558.018 is without merit because a finding of predatory sexual offender status must be made beyond a reasonable doubt.

The Missouri Court of Appeals held the following with regard to petitioner's procedural bar:

> In the appellant's sole point on appeal, he claims that the trial court erred in sentencing him to an extended term of life imprisonment on his conviction for forcible rape as a predatory sexual offender, under § 558.018, because that section is unconstitutional as being violative of due process in that it does not require the State to prove beyond a reasonable doubt the charged previously committed act that would qualify the defendant as a predatory sexual offender, under § 558.018.5(2). We disagree.
>
> With respect to our standard of review, the State contends that the appellant did not preserve his constitutional claim of error for the appellate review because he failed to raise it at the earliest opportunity. To preserve a constitutional claim for appeal, "the claim must have been raised at the earliest opportunity and preserved at each step of the judicial process." *State v. Stottlemyre*, 35 S.W.3d 854, 861 (Mo. [Ct.] App. 2001) (*quoting State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. *banc* 1990)). Specifically, a party must: (1) raise the constitutional issue at the first available opportunity; (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *State v. Knifong*, 53 S.W.3d 188, 192 (Mo. [Ct.] App. 2001) (citation omitted). The earliest opportunity for the appellant to have raised his constitutional challenge to § 558.018 would have been during the predatory sexual offender status hearing. *See Stottlemyre*, 35 S.W.3d at 861 (stating that the constitutional challenge to a statute that allows enhanced sentencing for certain offenders must be raised at the first opportunity, which is typically the offender status hearing). In that regard, the record reflects that the appellant not only failed to raise his constitutional claim at the predatory sexual offender hearing, but also failed to raise it in his motion for a new trial. "Attacks on the constitutionality of a statute are of such dignity and

---

[1] Respondent contends that petitioner does not suggest or demonstrate that the federal constitution requires a finding beyond a reasonable doubt for factual criteria for parole eligibility and that the creation of such a rule would violate the non-retroactivity principles of Teague v.Lane, 489 U.S. 288 (1989).

2

importance that raising such issues as an afterthought in the brief on appeal will not be tolerated." *City of Chesterfield v. Dir. of Revenue*, 811 S.W.2d 375, 378 (Mo. *banc* 1991) (citation omitted). Thus, the appellant's constitutional claim in this point was not preserved for appellate review such that our review, if any, would be for plain error under Rule 30.20. *State v. Parker*, 886 S.W.2d 908, 925 (Mo. *banc* 1994).

Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Carr*, 50 S.W.3d 848, 853 (Mo. [Ct.] App. 2001). In determining whether to exercise its discretion to conduct plain error review, the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed an evident, obvious and clear error, which resulted in manifest injustice or a miscarriage of justice. *State v. Dudley*, 51 S.W.3d 44, 53 (Mo. [Ct.] App. 2001); *State v. Hibler*, 21 S.W.3d 87, 96 (Mo. [Ct.] App. 2000).

If the appellate court chooses to exercise its discretion and conduct plain error review, the process involves two steps. First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious and clear. *Hibler*, 21 S.W.3d at 96. As in the case of our review for "regular" error, not every evident, obvious and clear error found in plain error review mandates reversal. *Carr*, 50 S.W.3d at 853. In the case of review for "regular" error, to be reversible, the found error must have prejudiced the appellant. *State v. Taylor*, 67 S.W.3d 713, 715 (Mo. [Ct.] App. 2002). Likewise, in the case of review for plain error, the found error must have prejudiced the appellant, except that such prejudice must rise to the level of manifest injustice or a miscarriage of justice. *State v.Cole*, 71 S.W.3d 163, 170 (Mo. *banc* 2002). Thus, even if evident, obvious and clear error is found in the first step of the procedure, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Hibler*, 21 S.W.3d at 96. Because the appellant's claim of error does not facially establish substantial grounds for believing that the trial court committed an evident, obvious and clear error which resulted in manifest injustice or a miscarriage of justice, we decline plain error review.

State v. Rogers, 95 S.W.3d at 185-87. Although petitioner did not properly preserve this

ground for appellate review, the Missouri Court of Appeals, Western District, reviewed the claim

extensively even though it purportedly declined plain error review.

3

Currently, there is a split within the Eighth Circuit with respect to plain error review and procedural bar. One line of cases stands for the proposition that "a properly limited plain error review by a state court does not cure a procedural default." See, e.g., Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). Another line of cases holds that, when a state court conducts a plain error review, we may also review for plain error. See, e.g., Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997), cert. denied 522 U.S. 873 (1997); Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997); cert. denied, 523 U.S. 1010 (1998). Because of this split in circuit authority, the Court is free to choose which line of cases to follow. See Sweet, 125 F.3d at 1152. In this case, as in Hornbuckle and Sweet, the Court will review Ground 1 for plain error, because the state court appears to have done so.[2]

The Missouri Court of Appeals found the claim to be without merit:

> The appellant was charged and sentenced as a "predatory sexual offender" under § 558.018.4, which reads:
>
>> The court shall sentence a person who has pleaded guilty to or has been found guilty of the felony of forcible rape, statutory rape in the first degree, forcible sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes or child molestation in the first degree when classified as a class B felony or sexual abuse when classified as a class B felony to an extended term of imprisonment as provided for in this section if it finds the defendant is a predatory sexual offender.
>
> "A person found to be a predatory sexual offender shall be imprisoned for life with eligibility for parole." § 558.018.6. For purposes of § 558.018, § 558.018.5 sets out three options for being classified as a predatory sexual offender. The appellant was charged under the second option, § 558.018.5(2), which provides that a person is a predatory sexual offender who "[h]as previously committed an act

---

[2] An issue that receives plain-error review on direct appeal in state court is not procedurally barred from review under the AEDPA. James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999); cert. denied, 528 U.S. 1143 (2000).

4

which would constitute an offense listed in subsection 4 of this section, whether or not the act resulted in a conviction." As to the previously committed act qualifying the appellant as a predatory sexual offender, the State alleged that the appellant had raped Broadnax in Fresno, California, on or about July 13, 1984. The appellant contends that because § 558.018 did not require that the State prove the previously committed act alleged, sufficient to classify him as a predatory sexual offender, beyond a reasonable doubt, it is constitutionally infirm as violating due process and, therefore, it was error to sentence him to an extended term of life imprisonment under that statute.

While the appellant is correct that § 558.018 does not provide that the prior committed act alleged to classify a person as a predatory sexual offender under § 558.018.5(2), be proven beyond a reasonable doubt, § 558.021, governing extended term procedures, does. It provides, in pertinent part, that:

> The court shall find the defendant to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender if:
> (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and
> (2) *Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a* prior offender, persistent offender, dangerous offender, persistent sexual offender or *predatory sexual offender*; and
> (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

§ 558.021.1 (emphasis added). Giving the language of § 558.021.1 its plain and ordinary meaning, *see Pavlica v. Dir. of Revenue*, 71 S.W.3d 186, 189 (Mo. [Ct.] App. 2002) (stating that in attempting to ascertain legislative intent, we are to give the language of the statute its plain and ordinary meaning), it is clear that the legislature intended that every fact essential to a determination that a person is a predatory sexual offender, which would necessarily include the alleged prior committed act charged under § 558.018.5(2), has to be proven beyond a reasonable doubt. Thus, the appellant's claim that § 558.018 permits a person to be sentenced as a predatory sexual offender, as defined in § 558.018.5(2), without the charged prior committed act being proven beyond a reasonable doubt, is without merit.

The record indicates that the trial court found that the appellant had forcibly

5

raped Broadnax on or about July 13, 1984, which led to its finding that he was a predatory sexual offender, as defined in § 558.018.5(2). The evidence presented at the predatory sexual offender hearing, discussed *supra*, was sufficient to support that finding beyond a reasonable doubt.

Point denied.

Rogers, 95 S.W.3d at 185-87.

The resolution of petitioner's ground for relief by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1) and (2); Mo. Rev. Stat § 558.021(1)(3); see also U.S. v. Friedrich, 402 F.3d 842, 845 (8th Cir. 2005)(statutory words will be interpreted as having their ordinary, contemporary, common meaning), cert. denied, 126 S. Ct. 495. Ground 1 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

                                                   /s/ Gary A. Fenner
                                                   GARY A. FENNER
                                                   UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated: 2/14/06